UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  TRINITY INNOVATIVE | : | Case No. 09-20579REF |
| ENTERPRISES, LLC, | : | Chapter 7 |
| Debtor | : | |

| | | |
|---|---|---|
| MARY MARTIN, as Chapter 7 Trustee | : | |
| of Debtor's Estate, | : | Adversary No. 10-2089 |
| Plaintiff | : | |
| v. | : | |
| DIRECTBUY, INC., BETA | : | |
| FINANCE COMPANY, INC., | : | |
| UCC TOTALHOME, INC., and | : | |
| JOHN DOES 1 through 10, | : | |
| Defendants | : | |

# STATEMENT SUPPORTING ORDER DATED DECEMBER 27, 2010, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Before me is the Motion of Defendants DirectBuy, Inc., f/k/a UCC Totalhome, Inc., and Beta Finance Company, Inc., To Dismiss Plaintiff's Complaint (the "Motion To Dismiss"). For the reasons that follow, I will grant Defendants' Motion To Dismiss in part and deny it in part. I will also allow Plaintiff, Mary Martin, the Chapter 7 Trustee (the "Trustee"), the opportunity to

file an Amended Complaint to cure the deficiencies described in this Statement. The following Statement constitutes my findings and conclusions in resolving this Motion To Dismiss.

# I. STANDARD FOR DETERMINING RULE 12(b)(6) MOTION TO DISMISS

Defendants base their Motion To Dismiss on Fed. R. Civ. P. 12(b)(6), which is made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012(b). When ruling on a motion to dismiss under Rules 12(b)(6) and 7012(b), I accept as true all of the factual allegations contained in a complaint and draw all reasonable inferences from those facts in favor of the plaintiff. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). In addition to the Complaint, I may also "consider documents that are attached to or submitted with the complaint, (citation omitted) and 'any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. School District, 452 F.3d 256, 260 (3d Cir. 2006) citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, §1357 (3d ed. 2004).

As the Supreme Court has recently re-emphasized, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In addition,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more that a sheer possibility that a defendant has acted unlawfully.

Id. (citations omitted).

## II. FACTUAL BACKGROUND

Defendant, DirectBuy, Inc. ("DirectBuy") is a franchisor of independently owned and operated buying clubs known as DirectBuy clubs. DirectBuy clubs offer members the opportunity to purchase household goods such as furniture, cabinets, appliances and flooring, at prices that are lower than the normal retail price. To gain membership in a DirectBuy club, a prospective member must sign a membership agreement and pay a membership fee that ranges

from $3,000 to $6,000. Defendant, Beta Finance Company, Inc. ("Beta Finance") is an affiliate of DirectBuy and provides financing to customers who are unable or unwilling to pay the entire membership fee at one time.[1]

On or about June 9, 2004, DirectBuy entered into a franchise agreement with Thomas and Joyce Giacchi (together, the "Giacchis").[2] On that same day, Beta Finance and DirectBuy entered into the Beta Finance agreement with the Giacchis ("Beta/Giacchi Agreement"). Sometime thereafter, the Giacchis assigned their rights and interests in the franchise agreement to Debtor, Trinity Innovative, Inc. The Giacchis executed no written assignment of the Beta Finance agreement to Debtor. I previously found, in a decision rendered in prior, related litigation in Debtor's main bankruptcy case among Debtor, DirectBuy, and Beta Finance, the following:

> Both DirectBuy and Beta [Finance], . . . continually and consistently treated Debtor as the "franchisee" under the Beta Agreement and Debtor continually and consistently acted as the "franchisee" under the Beta Agreement after March 12, 2005.

---

[1] Trustee identifies Totalhome, Inc., as a separate entity and defendant in the Complaint. DirectBuy refers to Totalhome only as the former name of DirectBuy. At this time, at this point in the pleadings, this issue can remain unresolved without affecting my determination of the present dispute.

[2] The Complaint alleges that DirectBuy and the Giacchis entered into the franchise agreement on June 4, 2004. The franchise agreement, which is attached to Trustee's Complaint as Exhibit A, however, is dated June 9, 2004.

-4-

In re Trinity Innovative Enters., LLC , Case No. 09-20579REF, Statement in Support of the Order Dated July 13, 2009, Determining that the Franchise Agreement Debtor and DirectBuy, Inc. Was Validly Terminated Pre-Petition ("July 13, 2009 Statement"), (docket entry 168) at 3 (Bankr. E.D. Pa. July 13, 2009).[3]

From 2004 through 2008, Debtor operated a DirectBuy franchise. In or around 2008, however, Debtor began to experience financial difficulties. On June 6, 2008, DirectBuy terminated Debtor's franchise agreement but permitted Debtor to continue to operate the DirectBuy franchise while Debtor sought a purchaser of the business. Trustee, in her Complaint, alleges that during this period, DirectBuy caused Debtor to continue to accept services from DirectBuy and to become more insolvent. Trustee further alleges that, during this period, DirectBuy exercised dominion and control over Debtor's financial affairs to the point that Debtor became a mere instrumentality of DirectBuy. Trustee also claims that Defendants withheld monies owed to Debtor and remitted the funds to DirectBuy and that Defendants caused Debtor to make preferential pre-petition

---

[3] Although Defendants urge me to determine that this ruling is now the law of the case in this adversary proceeding, I shall not do so at this early stage of the proceeding because this issue has neither been addressed by Trustee nor fully briefed by any of the parties. More importantly, of course, any determination of this issue is not now necessary to resolve Defendants' Motion To Dismiss and would be purely dicta.

payments to DirectBuy when Debtor was insolvent.

On March 6, 2009, Debtor filed its Chapter 11 petition. Debtor operated as a debtor-in-possession for four months, until July 13, 2009. During this post-petition period, Trustee alleges that Defendants "took and/or applied certain moneys due and owing to Debtor as against Debtor's alleged indebtedness to Defendants . . .." Complaint, ¶32. Trustee identifies only two such transactions: One that occurred on March 11, 2009, and involved $5,301.08, Id. at ¶32(a), and another that occurred on March 18, 2009, and involved $17,006.14 Id. at ¶32(b). Trustee next alleges that Direct Buy withheld other funds that were due Debtor in unspecified amounts for unspecified services rendered on unspecified dates. Id. at ¶32(c). On October 7, 2009, Debtor's Chapter 11 case was converted to Chapter 7. Plaintiff was duly appointed to serve as the Chapter 7 Trustee.

## III. THE COMPLAINT

The Complaint contains three counts. Count I seeks an accounting from Defendants for "all fees charged and collected by Defendants either from or on account of Debtor from a period of time starting one (1) year prior to the Petition Date up through and including the present." Complaint, ¶37. Count II

seeks turnover of property of the estate under Section 542. Count III seeks avoidance of unidentified pre-petition transfers that occurred within one year of the bankruptcy filing under Section 547(b). Because the parties both addressed the three counts in reverse order, I will do likewise.

# IV. DISCUSSION

## A. Count III: Preferential Transfer Cause of Action Under Section 547(b).

Defendants first request that I dismiss Count III of the Complaint because it fails to assert a claim to avoid a preferential transfer under Section 547(b) that is plausible on its face. Section 547(b) of the Bankruptcy Code states:

> **§547. Preferences**
> . . .
> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property -
>     (1) to or for the benefit of a creditor;
>     (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>     (3) made while the debtor was insolvent;
>     (4) made -
>         (A) on or within 90 days before the date of the filing of the petition; or
>         (B) between ninety days and one year before the filing of the petition, if such creditor at the time of such transfer was an insider; and
>     (5) that enables such creditor to receive more than such creditor

>    would receive if -
>       (A) the case were a case under chapter 7 of this title;
>       (B) the transfer had not been made; and
>       (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b). To have facial plausibility, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949.

In the context of a preferential transfer cause of action under Section 547(b), a plaintiff must state a claim for relief that is plausible on its face. Such a complaint must at least identify the nature and amount of each antecedent debt and the date, amount, source, and recipient of each transfer that the plaintiff seeks to avoid. See Angell v. Burrell (In re Caremerica, Inc.), Bankr. No. 06-02913-8-JRL, Adversary No. L-08-00173-8-JRL, 2009 WL 2253225, at *2-3 (Bankr. E.D.N.C. July 28, 2009); TWA Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate), 305 B.R. 228, 232 (Bankr. D. Del. 2004). Trustee in this case totally fails to identify any of the transfers allegedly made by Debtor to Defendants, whether by date, amount, source, or recipient, that she maintains were preferences under Section 547(b). She also fails to identify the nature and amount of any antecedent debt owed by Debtor to Defendants. Count III therefore fails to state a claim for relief that is plausible on its face under

Section 547(b).

In addition, the Complaint does not allege any facts to support Trustee's claim that Debtor was insolvent during the period between one year and ninety days prior to the date Debtor filed its chapter 11 petition.[4] It merely contains a threadbare recital of this element of the cause of action, which the Supreme Court has instructed will not suffice. Ashcroft, 129 S. Ct. at 1949. Trustee nonetheless urges me to find that her bare conclusory allegation of insolvency is sufficient. But even the cases she cites in her brief involved complaints that contained some factual allegations to support the conclusion that the debtor was insolvent when the transfer was made. Felt Mfg. Co. v. Foss (In re Felt Mfg. Co.), 371 B.R. 589, 636-37 (Bankr. D.N.H. 2007); Joseph v. Frank (In re Troll Commc'ns, LLC), 385 B.R. 110, 123-24 (Bankr. D. Del. 2008); Official Comm. of Unsecured Creditors v. DVI Bus. Credit, Inc. (In re DVI, Inc.), 326 B.R. 301, 306-07 (Bankr. D. Del. 2005).

I therefore find that the Complaint does not contain sufficient factual information regarding Debtor's insolvency during the period of time back to one year before Debtor's March 6, 2009 filing date. Trustee fails, therefore, to state a

---

[4] Section 547(f) creates a presumption of insolvency for the period commencing ninety days before the date the debtor files a bankruptcy petition. 11 U.S.C. §547(f). Trustee need not plead, therefore, detailed facts establishing Debtor's insolvency during the ninety day period.

claim under Section 547(b) that is plausible on its face. For all of these reasons, Count III of the Complaint fails to state a claim for a preferential transfer cause of action under Section 547(b) and must be dismissed.[5] I will, however, grant leave for Trustee to file an Amended Complaint to cure these deficiencies.

## B. Count II: Turnover Cause of Action Under Section 542(a).

Defendants next claim that Count II should be dismissed because it fails to state a turnover claim under Section 542(a) that is plausible on its face. Section 542(a) of the Bankruptcy Code states:

> **§542. Turnover of property of the estate**
>
> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. §542(a).

Defendants first argue that Count II should be dismissed because the

---

[5] I disagree with the argument advanced by Defendants that the Complaint fails to plead sufficient facts regarding Defendants' alleged non-statutory insider status, Schubert v. Lucent Technologies Inc. (In re Winstar Commc'ns, Inc.), 554 F.3d 382, 395-400 (3d Cir 2009), to state a claim for relief under Section 547(b) that is plausible on its face.

funds that Trustee seeks to have turned over –

> are no longer in [Defendants'] possession because they were set off as expressly authorized by the Court's Order dated May 18, 2010 in the underlying bankruptcy case, granting DirectBuy and Beta relief from the stay and allowing them to exercise their set off rights against all pre-petition and post-petition monies either had withheld from the Debtor.

Brief of DirectBuy, Inc., f/k/a UCC TotalHome, Inc., and Beta Finance Company, Inc., in Support of Their Motion To Dismiss Plaintiff's Complaint, filed on August 31, 2010 (docket entry 9) ("Defendants' Brief In Support Of Motion To Dismiss") at 25.

Defendants' overlook, however, that the May 18, 2010 Order to which they refer was an order that approved a stipulation executed by both Defendants and Trustee (the "Stipulated Order").[6] The Stipulated Order provided, among other things, that Debtor's Second Motion for Sanctions would be withdrawn with prejudice on the issue whether Defendants violated the automatic stay when they withheld pre-petition and post-petition funds of Debtor pending a determination of their setoff or recoupment rights, but <u>without prejudice</u> to: (1) Any arguments that Trustee might assert with regard to Defendants' claims of

---

[6] <u>See</u> Stipulation and Order Resolving Motions for Reconsideration and Motion for Stay of Proceedings, filed in <u>In re Trinity Innovative Enters., Inc.</u>, Case No. 09-20579 on May 18, 2010 (docket entry 293), at ¶4.

-11-

setoff or recoupment with respect to the funds; and (2) any avoidance powers that Trustee might have under the Bankruptcy Code.

The Stipulated Order also provided that Defendants' Motion for Reconsideration and first and second Motions for Relief From the Automatic Stay would be granted and that Defendants would be permitted to apply and utilize all pre-petition and post-petition funds that they have been withholding or that were placed in escrow, but again, <u>without prejudice</u> to: (1) Any arguments that Trustee might assert with regard to Defendants' claims of setoff or recoupment with respect to the funds; and (2) any avoidance powers that Trustee may have under the Bankruptcy Code. <u>Id</u>. at ¶¶5, 6, 7.

Finally, paragraph 11 of the Stipulated Order states:

> Noting [sic] in this Stipulation shall be deemed to impair the avoidance powers of the Trustee and all causes of action that the Trustee may have under Chapter 5 of the Bankruptcy Code are preserved.

<u>Id</u>. at ¶11. The express language in the Stipulated Order, renders disingenuous Defendants' argument that it somehow precludes Trustee from attacking the propriety of Defendants' exercise of their alleged setoff and recoupment rights in the funds.

The Stipulated Order did not determine that Defendants' exercise of their alleged setoff and recoupment rights was proper. Instead, it merely

authorized Defendants to apply and use the funds they were holding without prejudice to Trustee's: (1) Ability to contest Defendants' alleged rights of setoff and recoupment with respect to the funds; (2) avoidance powers; and (3) causes of action under Chapter 5 of the Bankruptcy Code. I therefore reject Defendants' argument that Count II should be dismissed because the Stipulated Order precludes Trustee from maintaining this turnover cause of action.[7]

Defendants next argue that Count II should be dismissed because it fails to identify the property of the estate that Trustee alleges is in their possession and serves as the subject of Trustee's turnover claim. I agree with Defendants' argument, but only in part. Paragraphs 32(a) and (b) of the Complaint clearly identify, with sufficient specificity, certain funds that Trustee (1) alleges were or are in the possession of DirectBuy, (2) maintains were property of the estate, and (3) seeks to have turned over. I therefore reject Defendants' argument that the Complaint fails to sufficiently identify funds to the extent of the allegations contained in paragraphs 32(a) and (b) of the Complaint. See discussion at page 6, supra.

---

[7] I also agree with Trustee that the issue whether Defendants had valid setoff or recoupment rights to the funds in issue is an affirmative defense that cannot be raised in a Rule 12(b)(6) motion to dismiss when, as here, the validity of the defense is not apparent on the face of the complaint. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Miller v. Parker (In re Reading Broadcasting, Inc.), 390 B.R. 532, 550-51 (Bankr. E.D. Pa. 2008).

Paragraph 32(c) of the Complaint,[8] however, lacks sufficient information to identify the funds that Trustee seeks to have turned over and I therefore grant Defendants' Motion To Dismiss with respect to paragraph 32(c).[9] See Ashcroft, 129 S. Ct. at 1949.[10] For all of these reasons, I will grant Defendants' Motion To Dismiss Count II of the Complaint but only to the extent it seeks turnover of the funds described in paragraph 32(c) of the Complaint. I will deny Defendants' Motion To Dismiss Count II in all other respects. I will, however, grant Trustee leave to amend Count II of her Complaint to cure the deficiencies noted herein.

## C. Count I. Request for Accounting.

Finally, Defendants argue that Count I of the Complaint, which requests an accounting of "all fees charged and collected by Defendants either from or on account of Debtor for a period of time starting one (1) year prior to the

---

[8] Paragraph 32(c) of the Complaint alleges that, "DBI, upon information and belief, has 'withheld other funds that are purportedly "due" the Debtor post-petition' in an unspecified amount for unspecified services rendered. [Docket #100 at p.16, ¶63]."

[9] Unless Trustee amends and expands the Complaint, the only funds that Plaintiff can properly attack in the turnover cause of action are those identified in Paragraphs 32(a) and (b).

[10] I also reject Defendants' argument that Count II should be dismissed because the funds that Trustee seeks to have turned over were allegedly part of Defendants' cash collateral. This raises a factual question that is not apparent on the face of the Complaint. This issue therefore may not be raised in the context of a Rule 12(b)(6) motion to dismiss. Robinson, 313 F.3d at 135; Miller, 390 B.R. at 550-51.

Petition Date up through and including the present," Complaint, ¶37, should be dismissed because "[f]ederal law does not provide an independent legal action for an accounting in a vacuum." Defendants' Brief in Support of Motion To Dismiss at 28. Defendants, however, cite no authority for this proposition.[11] On the other hand, all of the cases relied upon by Trustee to support her claim for an accounting involve Pennsylvania substantive law, which is not necessarily applicable here.

      Section 542(a) of the Bankruptcy Code, 11 U.S.C. §542(a) clearly authorizes Trustee to seek an accounting of property of the estate held by a third party in the context of a turnover action. Because I have determined that paragraphs 32(a) and (b) of the Complaint effectively state Section 542(a) turnover claims that are plausible on their face, I conclude that Trustee's cause of action seeking an accounting is proper with respect to the funds identified in those paragraphs. As for the remaining portions of Trustee's request for an accounting, I conclude that they must be dismissed because Trustee has not set forth adequate grounds to state a claim for an accounting that is plausible on its face. Once again, however, I will grant Trustee leave to amend her Complaint to cure this deficiency.

---

[11] Defendants later recognized their error, acknowledging that Section 542(a), 11 U.S.C. §542(a), provides an accounting remedy for trustees.

-15-

## V. CONCLUSION

As discussed above, Count III of the Complaint fails to identify any of the alleged preferential transfers allegedly made by Debtor to Defendants, whether by date, amount, source, or recipient, that she maintains were preferences under Section 547(b). She also fails to identify the nature and amount of any antecedent debt owed by Debtor to Defendants. Count III of the Complaint also does not contain sufficient factual information regarding Debtor's insolvency during the period of time back to one year before Debtor's March 6, 2009 filing date. Trustee fails, therefore, to state a claim under Section 547(b) that is plausible on its face. For all of these reasons, Count III of the Complaint will be dismissed.

A portion of Count II of the Complaint will be dismissed because it fails to identify the property of the estate that Trustee alleges is in Defendants' possession and serves as the subject of Trustee's turnover claim. On the other hand, Paragraphs 32(a) and (b) of the Complaint clearly identify, with sufficient specificity, funds that Trustee (1) alleges were or are in the possession of DirectBuy, (2) maintains were property of the estate and (3) seeks to have turned over. I will grant Defendants' Motion To Dismiss Count II of the Complaint solely to the extent it seeks turnover of the funds described in paragraph 32(c). I

will deny Defendants' Motion To Dismiss Count II in all other respects.

I will deny the Motion To Dismiss Count III because an accounting is an appropriate remedy relating to the properly pled Paragraphs 32(a) and (b) of the Complaint. I will dismiss the remaining portions of Trustee's request for an accounting.

Based upon the above findings, conclusions, and discussion, I will enter an Order granting in part and denying in part Defendants' Motion To Dismiss. The Order will also grant Trustee leave to amend her Complaint to cure the deficiencies noted in this Statement.

An appropriate Order follows.

Date: December 27, 2010

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge